UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THIAGO DOS SANTOS COELHO,            *
                                          *

     Petitioner,                         *
                                          *

       v.                            *
                                          *     Civil Action No. 1:26-cv-12584-IT

ANTONE MONIZ, Superintendent, Plymouth   *
County Correctional Facility, et al.,       *
                                          *

     Respondents.                   *
                                          *

MEMORANDUM & ORDER

June 12, 2026

TALWANI, D.J.

Petitioner Thiago Dos Santos Coelho is a Brazilian citizen who has resided in the United States since 2022. Pet. ¶ 1 [Doc. No. 1].

On or about June 5, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). Id. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id.

On June 7, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a) and that he is therefore entitled to an individualized bond hearing. Id. ¶ 3.

The court directed Respondents to respond to the Petition and that "[i]f the government contends or has reason to believe that Petitioner may pose a danger to the community if released from custody, the government shall identify those concerns in its answer or response." Order Concerning Service of Pet. 2 [Doc. No. 3].

In response, Respondents acknowledge that "the legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz, [800 F. Supp. 3d 203 (D. Mass. 2025)], [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and [Rosa] Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025)." Resp. to Habeas Pet. 1 [Doc. No. 6]. Respondents note that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva and [Rosa] Venancio, it would reach the same result here and order a bond hearing conducted in Immigration Court pursuant to 8 U.S.C. § 1226(a)." Id. (footnote omitted). Respondents did not identify any concerns that Petitioner may pose a danger to the community if released from custody.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-CV-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows:

No later than June 19, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued

detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk.

Respondents shall submit a status report on this matter no later than June 26, 2026.

IT IS SO ORDERED.

June 12, 2026                                    /s/ Indira Talwani
                                                 United States District Judge